[No. G018293. Fourth Dist., Div. Three. Feb. 23, 1996.]

JEANNIE AVERILL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ELI HOME, INC., Real Party in Interest.

## COUNSEL

Howard, Moss, Loveder, Strickroth & Walker, Robert A. Walker and Mitchell L. Leverett for Petitioner.

No appearance for Respondent.

Charles M. Farano and Thomas G. Kieviet for Real Party in Interest.

## OPINION

**RYLAARSDAM, J.**—Petitioner, a homeowner, is a critic of a plan by a charitable organization to convert a house in her neighborhood into a shelter for battered women. Because of comments she made to her employer regarding that organization, it sued her for slander. A motion to strike pursuant to the anti-SLAPP (strategic lawsuit against public participation) suit statute was denied. She filed a petition for writ of mandate which we grant.

### STATEMENT OF FACTS

In October, 1993, Jeannie Averill (Averill) learned Eli Home, Inc. (Eli) planned to purchase a home in her neighborhood for use as a shelter for battered women. The plan for the shelter became the subject of a number of Anaheim City Council and Planning Commission hearings. Averill was present at some of these meetings. She, along with a number of other neighbors, opposed the plan. Following one planning commission meeting, Eli sent a letter to some of the homeowners opposed to the project, threatening legal action if they continued to make allegedly slanderous statements. In August 1994, Averill presented a letter to the city council signed by residents who lived near Eli's former shelter, located in Orange, describing noise and traffic problems created by the shelter. In November, after the city council had granted Eli a one-year conditional use permit for the shelter,

Averill wrote a letter to a local newspaper expressing her opposition to the Eli shelter project and questioning the credibility of Eli's director, Galloway.

In November, Averill also discovered her employer, Rockwell International, intended to support Eli as a Christmas charity. She contacted Rockwell's human resources department and requested it not support the Eli project. She also contacted Rockwell's community relations office and expressed her opposition to the Eli shelter and further expressed her belief that Eli did not merit the support of Rockwell. No action was taken by Rockwell in response to Averill's objections; Rockwell continued to support Eli as one of its Christmas charities.

In May 1995, Eli filed a first amended complaint for slander and intentional interference with prospective advantage against Averill and other opponents of the Eli shelter project. The only cause of action against Averill was based on the comments she made to employees of Rockwell allegedly slandering Eli.

Averill filed a motion to strike pursuant to Code of Civil Procedure[1] section 425.16, the "anti-SLAPP (strategic lawsuit against public participation) statute." In opposition, Eli argued the allegedly slanderous comments did not fall within the purview of section 425.16 because they were (1) not made in public, and (2) not addressed to any issue to be resolved before a legislative body. The trial court denied the motion, stating the conversation between Averill and her employer did not constitute a matter of "great public interest" so as to come within the purview of the statute. Averill filed the instant petition for writ of mandate. We issued an alternative writ, heard oral argument, and now issue the writ of mandate.

## DISCUSSION

In 1992, the Legislature enacted section 425.16 to protect citizens in their exercise of the right of political free speech. (*Dixon* v. *Superior Court* (1994) 30 Cal.App.4th 733, 741 [36 Cal.Rptr.2d 687]; *Wilcox* v. *Superior Court* (1994) 27 Cal.App.4th 809, 815 [33 Cal.Rptr.2d 446].) Section 425.16 provides: "(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

process. [¶] (b) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, . . ." Subdivision (e) provides an act in furtherance of a person's First Amendment rights "includes any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e).)

 Are private conversations, regarding a public issue protected under the statute? This court must independently determine the proper interpretation of the statute; we are not bound by the trial court's interpretation. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Los Angeles County Safety Police Assn.* v. *County of Los Angeles* (1987) 192 Cal.App.3d 1378, 1384 [237 Cal.Rptr. 920].) We first turn to the statutory language. (*Los Angeles County Safety Police Assn.* v. *County of Los Angeles, supra,* 192 Cal.App.3d at p. 1387.) Here, the statute does not unambiguously answer whether private conversations concerning a public issue are covered. Neither does case law assist our analysis.

Except in *Wilcox, supra,* in all other cases which discuss section 425.16, the statements at issue were made in a public forum. (*Dixon* v. *Superior Court, supra,* 30 Cal.App.4th at pp. 743-744 [comments made during the public review and comment period contemplated by the California Environmental Quality Act]; *Ludwig* v. *Superior Court* (1995) 37 Cal.App.4th 8, 15 [43 Cal.Rptr.2d 350] [a developer's alleged encouragement of individuals to appear at a public city council meeting to oppose a development project]; *Lafayette Morehouse, Inc.* v. *Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 862 [44 Cal.Rptr.2d 46] [newspaper articles about an organization whose conduct was the subject of legislative hearings].)

In *Wilcox* the court held the statute applicable to a private communication. There, the free speech activity which formed the basis of the suit, consisted of a memorandum, circulated privately among court reporters, inviting them to participate in a lawsuit attacking exclusive contracts with insurance companies. The court held the cause of action arose from acts in furtherance of the right of free speech in connection with a public issue. (*Wilcox* v. *Superior Court, supra,* 27 Cal.App.4th at pp. 819-820.)

" 'Where [statutory] language . . . is susceptible to more than one meaning, it is the duty of the courts to accept that intended by the framers of the legislation, so far as its intention can be ascertained.' " (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].) Section 425.16, by its terms, is designed to provide a procedural remedy "to expose and dismiss at an early stage such nonmeritorious actions which chill, inter alia, 'the valid exercise of the constitutional rights of freedom of speech . . . .' " (*Lafayette Morehouse, Inc.* v. *Chronicle Publishing Co., supra,* 37 Cal.App.4th at pp. 858-859.) "The *typical* SLAPP suit involves citizens opposed to a particular real estate development. . . . SLAPP plaintiffs do not intend to win their suits; rather, they are filed solely for delay and distraction [citation], and to punish activists by imposing litigation costs on them for exercising their constitutional right to speak and petition the government for redress of grievances. [Citation.]" (*Dixon* v. *Superior Court, supra,* 30 Cal.App.4th at p. 741.)

Here, the allegedly slanderous statements arose in the context of a public issue, i.e., the placement of a shelter in petitioner's neighborhood. Petitioner was an outspoken critic of the project. She had petitioned the city council, arguing against the project and had written to the local newspaper expressing her concern regarding the project and its director. As a result of her comments, which clearly came within the purview of the statute, Eli sent a letter to her threatening litigation should she persist in her activities. True to its word Eli did file a suit, carefully crafting the suit to exclude the public comments, circumscribing the basis for the action to comments petitioner made in private to her employer.

The allegedly slanderous statements may fall within the enumerated protected acts under section 425.16, subdivision (e). They were oral statements made in connection with an issue arguably still subject to review by the city. Even if the statements were not expressly covered under subdivision (e) of the statute, the categories enumerated there are not all-inclusive.

The acts in furtherance of a person's right to free speech specified by the statute is preceded by the word "includes." The word "includes" is ordinarily a term of enlargement rather than limitation. (*Ornelas* v. *Randolph* (1993) 4 Cal.4th 1095, 1101 [17 Cal.Rptr.2d 594, 847 P.2d 560].) The use of "includes" implies that other acts which are not mentioned are also protected under the statute. (*Doyle* v. *Board of Supervisors* (1988) 197 Cal.App.3d 1358, 1364 [243 Cal.Rptr. 572].) We therefore cannot say the Legislature intended to exclude private conversations from protection under the statute since the list of covered activities does not act to eliminate such conversations from such protection. (See *Ornelas* v. *Randolph, supra,* 4 Cal.4th at p.

1101.) Considering the stated purpose of the statute, which includes protection of not only the constitutional right to "petition for the redress of grievances," but the broader constitutional right of freedom of speech, we conclude the Legislature intended the statute to have broad application.

The action is meritless since petitioner's comments had no effect on her employer; Rockwell continued to recognize the project among its 1994 Christmas charities. During oral argument, counsel for real party in interest admitted there was no evidence of damages; however, he hoped to obtain such evidence in the course of discovery.[2] Like the typical SLAPP suit, this case involves a citizen whose opposition to a project led her to petition the government for redress. The suit itself appears to have been filed solely to punish Averill for her criticism of the Eli project and to impose litigation costs upon her for exercising her right to free speech and to petition the government. To allow this matter to proceed against Averill would have the precise effect the statute was designed to avoid. Based upon these facts, we find that the allegations come within the ambit of section 425.16.

## DISPOSITION

The alternative writ is dissolved. Let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's motion to strike the complaint and enter a new order granting the motion and striking the complaint. The stay previously ordered by this court on October 12, 1995, is lifted when this opinion becomes final.

Sills, P. J., and Sonenshine, J., concurred.

On March 14, 1996, the opinion was modified to read as printed above.

---

[2]We note that under these circumstances section 128.7 might provide an alternative basis for dismissing this suit since damages are an essential element of this cause of action; other than slander *per se,* there is no liability for slander absent proof of actual damages. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 481, p. 565.)