[No. B096308. Second Dist., Div. Four. July 18, 1996.]

DOVE AUDIO, INC., Plaintiff and Appellant, v.
ROSENFELD, MEYER & SUSMAN et al., Defendants and Respondents.

778

## COUNSEL

Steven A. Soloway for Plaintiff and Appellant.

Irell & Manella, Steven A. Marenberg, Bruce A. Wessel, Rosenfeld, Meyer & Susman, Kirk M. Hallam and Norman H. Becker for Defendants and Respondents.

## OPINION

**EPSTEIN, Acting P. J.**—Dove Audio, Inc. appeals from the dismissal of its defamation action after a demurrer was sustained without leave to amend, and from the granting of a special motion to strike the action as a "SLAPP" (strategic lawsuit against public participation) suit. We affirm the orders of the trial court.

### FACTUAL AND PROCEDURAL SUMMARY

In 1992, Dove Audio, Inc., published a recording of "Carnival of the Animals" (the record), a compilation of lyrics by Ogden Nash read to the

music of Camille Saint-Saens. The lyrics were read by Audrey Hepburn and 13 other celebrities. Dove agreed to pay a 2 percent royalty for the participation of these celebrities, divided equally among the charities they designated.

Sometime after Ms. Hepburn's death, it came to the attention of her son, Sean Hepburn Ferrer, that Ms. Hepburn's designated charity, the American Society for the Prevention of Cruelty to Animals, had received only minimal royalty payments (less than $100) from Dove. Mr. Ferrer asked the law firm of Rosenfeld, Meyer & Susman (RM&S) to look into the situation and, after obtaining the support of other celebrities who participated in the recording, contact the proper governmental agency to request an investigation. RM&S attempted to contact the participating celebrities as well as representatives of the charities that had been designated to receive royalties from the record. RM&S sent a letter to those celebrities it had reached confirming their support of RM&S's efforts. The April 12, 1995, letter to Arte Johnson, which is representative of the other letters, provided:

"It was a pleasure speaking to you several weeks ago. As we discussed, we represent the Audrey Hepburn family and estate. You donated your time to work with Ms. Audrey Hepburn and approximately twelve other celebrities on a record entitled 'Carnival of the Animals.' This record was supposed to generate royalties for charities that each celebrity designated as their personal charity. Unfortunately, little if any money went to the charities. As a result, we intend to file a complaint with the State Attorney General's office.

"To confirm that you are in fact willing to endorse our efforts in this regard (with no other obligations of any kind), please sign below and return it to the undersigned."

On May 12, 1995, Dove Audio filed an action against RM&S and others (collectively RM&S) seeking damages for libel and for interference with economic relationship. Dove alleged that the letter sent by RM&S was defamatory because it implied that Dove failed to pay royalties to the celebrities and kept the royalties for itself, which was false, resulting in damage to Dove's reputation and business. Dove also alleged that the letter disrupted Dove's economic relationship with other celebrities, who have refused to perform readings for Dove as a consequence of the defamatory information contained in the letter.

RM&S demurred on the ground that both causes of action are barred by the litigation privilege (Civ. Code, § 47, subd. (b)). RM&S also moved to

strike the complaint as a "SLAPP" suit (Code Civ. Proc., § 425.16). The court sustained the demurrer without leave to amend, granted the special motion to strike, and awarded RM&S its attorney fees and costs in the amount of $28,296. Dove appeals from the judgment of dismissal.

DISCUSSION

I

*Privilege*

Appellant claims the court erred in holding that RM&S's letter was protected by the litigation privilege of Civil Code section 47, subdivision (b) because the communication was between private parties not acting in an official capacity.

Civil Code section 47, subdivision (b) provides an absolute privilege for a publication or broadcast made in any legislative, judicial, or other official proceeding authorized by law. (*Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 379 [295 P.2d 405].) Contrary to appellant's assertion, the privilege is not limited to communications to or from governmental officials. It applies to communications preliminary to a proposed judicial proceeding, such as a demand letter from an attorney to a potential adversary (*Lerette* v. *Dean Witter Organization, Inc.* (1976) 60 Cal.App.3d 573, 577 [131 Cal.Rptr. 592].) It also applies to communications made during an attorney's investigatory interviews with private individuals preparatory to a hearing. (*Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861, 866 [100 Cal.Rptr. 656].)

In *Rubin* v. *Green* (1993) 4 Cal.4th 1187 [17 Cal.Rptr.2d 828, 847 P.2d 1044], the Supreme Court held the privilege applicable to communications by a law firm to residents of a mobilehome park intended to induce the filing of a lawsuit against the park owners with regard to park conditions. The court reviewed cases establishing that "the 'principal purpose of section 47([b]) is to afford litigants . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' " (*Id.* at p. 1194.) "In light of this extensive history, it is late in the day to contend that communications with 'some relation' to an *anticipated* lawsuit are not within the privilege." (*Id.* at p. 1194.)

Our case is much like *Rubin*. The communication at issue was a letter from a law firm to individuals confirming their endorsement of the filing of a complaint to the Attorney General with regard to appellant's alleged underpayment of royalties to their designated charities. As in *Rubin*, the

communication was between a law firm and persons with potential claims, seeking support for the filing of a claim.

The applicability of the litigation privilege is also supported by *Cayley* v. *Nunn* (1987) 190 Cal.App.3d 300 [235 Cal.Rptr. 385]. In *Cayley*, while circulating a neighborhood petition seeking support for their appeal to the city council for a height variance, the defendants made allegedly defamatory statements about the Cayleys, who opposed the variance. Those statements, made by defendants to other private citizens while defendants were marshaling evidence and preparing for their presentation at the city council meeting, were held to be within the litigation privilege. (*Cayley* v. *Nunn, supra,* 190 Cal.App.3d at p. 304.)

Appellant argues the privilege is inapplicable because RM&S's letter was not made in any judicial or quasi-judicial proceeding, or in preparation for any such proceeding. According to appellant, since the Attorney General has no power to hold hearings, decide issues, or affect the personal or property rights of private persons, neither a petition to the Attorney General, nor an investigation by the Attorney General would constitute an "official proceeding" within the meaning of Civil Code section 47, subdivision (b).

Appellant claims *Slaughter* v. *Freidman* (1982) 32 Cal.3d 149 [185 Cal.Rptr. 244, 649 P.2d 886] is directly on point. We disagree. The allegedly defamatory communications in *Slaughter* were letters from a private insurance claim administration company to certain of plaintiff's patients denying their claims. In these letters, the company described some of plaintiff's dental work as unnecessary, stated that it would no longer process dental treatment claims from plaintiff because of overcharging, announced that it would report plaintiff to the California Dental Association for disciplinary proceedings, and advised the patients to make no further payments to plaintiff pending resolution of the dispute. The Supreme Court held that these communications were not privileged under Civil Code section 47, subdivision (b) because they could not be deemed part of any legislative, judicial, or official proceeding, or any proceeding authorized by law and reviewable by writ of mandate. (32 Cal.3d at p. 156.) Unlike the communication in the case before us, the letters in *Slaughter* were not made as part of the preparation for an official proceeding. (See *Rubin* v. *Green, supra,* 4 Cal.4th at pp. 1194-1195.)

Appellant correctly recognizes that a communication *to* the Attorney General would be privileged. (See Bus. & Prof. Code, § 17535 [Attorney General may prosecute action for false advertising upon complaint of any

person]; Gov. Code, § 12598 [Attorney General has broad power to protect assets of charitable trusts]; Corp. Code, §§ 5142, 7142, 7240 [same]; Corp. Code, § 9230, subd. (d) [where property solicited on representation that it will be used for charitable purposes, Attorney General may investigate or institute action to correct any improper diversion of funds.].) The communication at issue in this case was in preparation for the sending of a complaint to the Attorney General. As we have explained, communications preliminary to the institution of an official proceeding come within the privilege of Civil Code section 47, subdivision (b). (See *Rubin* v. *Green*, *supra*, 4 Cal.4th 1187, 1194-1195.) The trial court correctly held that RM&S's letter is a privileged communication, and properly sustained the demurrer without leave to amend on that ground.

II

*"SLAPP" Suit*

■ Appellant also asserts it was error for the court to strike its complaint under the anti-SLAPP suit statute (Code Civ. Proc., § 425.16; all statutory references are to this code unless otherwise noted). In general terms, a SLAPP suit is "a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." (*Wilcox* v. *Superior Court* (1994) 27 Cal.App.4th 809, 815, fn. 2 [33 Cal.Rptr.2d 446].) Under section 425.16, subdivision (b), "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Section 425.16, subdivision (e) provides: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest."

Appellant claims its action did not fall within the statutory definition of a SLAPP suit because neither of its causes of action had anything to do with a

statement made before a legislative, executive, or judicial proceeding, or any other proceeding authorized by law, or with a statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, or with a statement made in a place open to the public or in a public forum.

RM&S's communication raised a question of public interest: whether money designated for charities was being received by those charities. The communication was made in connection with an official proceeding authorized by law, a proposed complaint to the Attorney General seeking an investigation. "The constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action." (*Ludwig* v. *Superior Court* (1995) 37 Cal.App.4th 8, 19 [43 Cal.Rptr.2d 350].) Just as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b) (see *Rubin* v. *Green, supra,* 4 Cal.4th at pp. 1194-1195), we hold that such statements are equally entitled to the benefits of section 425.16. (See *Ludwig* v. *Superior Court, supra,* 37 Cal.App.4th at p. 19, comparing the two statutes.)

The fact that the communication was made to other private citizens rather than to the official agency does not exclude it from the shelter of the anti-SLAPP suit statute. In *Wilcox* v. *Superior Court, supra,* 27 Cal.App.4th at pages 821-822, the court held statements made exhorting shorthand reporters to contribute to the cost of pursuing litigation to challenge the practice of "direct contracting" was rationally connected to the litigation, and hence a proper basis for the protection of section 425.16. In *Ludwig* v. *Superior Court, supra,* 37 Cal.App.4th 8, the court held that a defendant's recruiting and encouraging others to speak out on a matter of public interest came within the protection of section 425.16. (See also *Averill* v. *Superior Court* (1996) 42 Cal.App.4th 1170 [50 Cal.Rptr.2d 62] [private conversations regarding a public issue are protected under the SLAPP statute].) RM&S's letter seeking support for its petition to the Attorney General for an investigation of appellant's royalty payments to designated charities is similarly entitled to the protection of section 425.16 for its act in furtherance of its constitutional right of petition.

Once the party moving to strike the complaint makes that threshold showing, the burden shifts to the responding plaintiff to establish a probability of prevailing at trial. Appellant did not, and cannot do so in this case. As we have explained, RM&S's communications were absolutely privileged under Civil Code section 47, subdivision (b). That privilege is applicable to

both causes of action alleged by appellant, defamation and interference with economic relationship. (See *Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 215 [266 Cal.Rptr. 638, 786 P.2d 365].) The trial court did not err in granting RM&S's special motion to strike under section 425.16.

■ Appellant's final argument is that the court abused its discretion in awarding over $27,000 in attorney fees for the special motion to strike. Under subdivision (c) of section 425.16, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." This section authorizes the court to make an award of reasonable attorney fees to a prevailing defendant, which will adequately compensate the defendant for the expense of responding to a baseless lawsuit. (*Robertson* v. *Rodriguez* (1995) 36 Cal.App.4th 347, 362 [42 Cal.Rptr.2d 464].) While the award in this case is generous, "[t]he appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339].) Applying this standard, we find no abuse of discretion.

RM&S makes a claim for its attorney fees and costs incurred in connection with this appeal. "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise." (*Evans* v. *Unkow* (1995) 38 Cal.App.4th 1490, 1499 [45 Cal.Rptr.2d 624].) Since section 425.16, subdivision (c) provides for an award of attorney fees and costs to a prevailing defendant on a special motion to strike, and does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent, those fees are recoverable. (38 Cal.App.4th at p. 1500.)

## DISPOSITION

The judgment of dismissal is affirmed. RM&S shall recover its costs and attorney fees on appeal, the amount of which shall be determined by the trial court.

Hastings, J., and Aranda, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 1996.

---

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.