[No. G022029. Fourth Dist., Div. Three. June 16, 1998.]

FOOTHILLS TOWNHOME ASSOCIATION, Plaintiff and Respondent, v. PAUL M. CHRISTIANSEN, Individually and as Trustee, etc., Defendant and Appellant.

**COUNSEL**

William J. Cleary, Jr., for Defendant and Appellant.

Brewer & Brewer and Templeton Briggs for Plaintiff and Respondent.

**OPINION**

**WALLIN, J.**—Paul M. Christiansen, in his individual capacity and as trustee for the P.M.C. Trust (Christiansen),[1] appeals the judgment entered in favor of Foothills Townhome Association (Foothills) involving nonpayment of homeowner association dues, contending the trial court erred by: (1) overruling his demurrer and denying his motion for summary judgment brought on the ground Foothills was collaterally estopped from claiming he owed the assessment; (2) granting Foothills' motion for summary judgment; (3) denying his SLAPP suit[2] motion under Code of Civil Procedure section 425.16;[3] and (4) awarding excessive attorney fees. We affirm.

Christiansen owns a home[4] in an area subject to assessments by Foothills. In 1993, Foothills' board of directors voted to impose a $1,300 special assessment (the 1993 assessment) to replenish its reserve fund after severe storm damage had necessitated many repairs. Christiansen paid the assessment under protest and then sued in small claims court for a refund. He obtained a judgment in his favor, and won again in superior court when Foothills sought a trial de novo.

Foothills refunded the money, but issued another $1,300 assessment for the same purpose (the 1995 assessment), this one approved by an overwhelming majority of the homeowners. Christiansen paid again under protest, and sought to set aside his satisfaction of judgment in the small claims

---

[1]We will use singular pronouns to refer to Christiansen because, as we understand it, he is the only human entity connected with the trust.

[2]The acronym SLAPP denotes strategic lawsuits against public participation.

[3]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[4]Apparently ownership has moved between Paul Christiansen and the trust on occasion.

court. One judge denied his request, but on rehearing, the judge who heard the initial trial on the 1993 assessment granted him relief. Christiansen levied on the association account and retrieved his $1,300 payment.

Foothills sued Christiansen in municipal court for the $1,300 and a declaration the 1995 assessment had been issued in compliance with applicable law. Christiansen demurred to the complaint on issue preclusion grounds, arguing the issues had been decided in his favor in the small claims action. The demurrer was overruled, as was his motion to dismiss the action under section 425.16 made on the ground the suit was brought to chill his free speech rights. Because Foothills requested declaratory relief, the matter was transferred to the superior court. There, Christiansen moved the court for summary judgment on the same issue preclusion grounds raised in the demurrer. Foothills filed a countermotion for summary judgment on the ground there was no triable issue of fact concerning the debt. The court granted Foothills' motion and awarded it over $10,000 in attorney fees.

I

Christiansen contends the trial court erred by overruling his demurrer and denying his summary judgment motion, both of which rested on issue preclusion grounds.[5] His theory is the 1995 assessment was a reincarnation of the 1993 assessment, so the small claims judgment in his favor on the 1993 assessment bars Foothills from collecting on the 1995 assessment. But a small claims judgment does not invoke issue preclusion as to later actions. (*Rosse* v. *DeSoto Cab Co.* (1995) 34 Cal.App.4th 1047, 1050-1053 [40 Cal.Rptr.2d 680].)

Christiansen argues that rule does not apply where, as here, the superior court issues a written decision after a de novo small claims trial. Even if it does not, the superior court ruling dealt with the 1993 assessment, not the 1995 assessment.[6] Christiansen argues they were really the same assessment, but that question was never decided at the de novo proceeding. Christiansen could not rely on issue preclusion to successfully pursue a demurrer or summary judgment.

---

[5]Christiansen argues these as separate points, but we consider them together because they can be resolved together as a matter of law. The record contains nothing indicating the demurrer was overruled, and we might reject the contention as to the demurrer on that ground (*California Novelties, Inc.* v. *Sokoloff* (1992) 6 Cal.App.4th 936, 945 [7 Cal.Rptr.2d 795]), but because Foothills does not contend otherwise, we will address the issue on its merits both as to the demurrer and the motion for summary judgment.

[6]In a separate but related argument, Christiansen asserts the trial court erroneously denied his motion to reconsider its summary judgment ruling. In the motion to reconsider, he urged the superior court actually considered the 1995 assessment during the trial de novo, and he appended declarations and documents to support his contention which had not been produced for the hearing on the summary judgment motion.

## II

■ Christiansen argues the trial court erroneously granted Foothills' summary judgment. ■ "A plaintiff seeking summary judgment meets its burden of showing that there is no defense to a cause of action by proving each element of the cause of action entitling it to judgment on that claim. [Citation.] Once the plaintiff has met that burden, the burden shifts to the defendant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. [Citation.]" (*Recorded Picture Company [Productions] Ltd.* v. *Nelson Entertainment, Inc.* (1997) 53 Cal.App.4th 350, 360-361 [61 Cal.Rptr.2d 742], citing § 437c, subd. (o)(1).)

■ Christiansen asserts that even if his issue preclusion argument fails, there is a triable issue of fact concerning whether the 1995 assessment violated Civil Code section 1366.1.[7] That section provides, "An association shall not impose or collect an assessment or fee that exceeds the amount necessary to defray the costs for which it is levied." Christiansen reasons the assessment violated section 1366.1 because it was levied to replenish a reserve fund, it exceeded the amount necessary to pay for the storm damage because some of the fund expenditures had been for other reasons, and Foothills could have replenished the fund over time.[8]

We have found no cases construing Civil Code section 1366.1, and the parties do not suggest anything about the section's legislative history alters the plain language of the section. (*Birbrower, Montalbano, Condon & Frank* v. *Superior Court* (1998) 17 Cal.4th 119, 131-132 [70 Cal.Rptr.2d 304, 949 P.2d 1] [plain language of statute controls in the absence of compelling reasons].) The assessment was levied to replenish the fund after money was

---

The trial court properly denied the motion for reconsideration. To merit reconsideration, a party must give a satisfactory reason why it was unable to present its "new" evidence at the original hearing. (*Mink* v. *Superior Court* (1992) 2 Cal.App.4th 1338, 1342 [4 Cal.Rptr.2d 195].) Christiansen did not think the evidence was necessary at the first hearing. That reason was patently insufficient, and the trial court properly refused to reconsider its ruling. (See *Lucas* v. *Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1028 [46 Cal.Rptr.2d 177].) Because the trial court did so, no evidence shows the superior court considered the 1995 assessment.

[7]Christiansen's manner of raising and arguing this issue makes it unclear whether he is raising the argument as part of his issue preclusion contention or separately. Out of an abundance of caution, we treat it as the latter.

[8]Christiansen makes passing reference to whether the assessment was in response to an emergency. That issue, presented by the 1993 assessment passed by Foothills' board, was mooted when the homeowners voted on the 1995 assessment. (See Civ. Code, § 1366 [emergency issue is only implicated in the absence of a homeowner vote].)

expended to pay for storm damage. Even if we consider as binding the superior court's finding at the de novo trial that the assessment would replenish the fund for non-storm-related expenses as well, nothing about the facts indicate: (1) homeowner association reserve funds are improper;[9] (2) levying assessments to replenish such funds is impermissible; (3) Foothills' usual reserve balance was excessive; or (4) the amount of the assessment pushed the fund above its usual balance.

Thus, the evidence showed the assessment was within the amount necessary to defray the costs for which it was levied—the cost of replenishing the reserve fund. Whether the fund *could* have been replenished over time is irrelevant to whether the assessment exceeded costs for which it was levied. As a matter of law, an assessment does not violate Civil Code section 1366.1 merely because the costs *could* have been recouped incrementally. Nothing in the language of the statute suggests that is so.

Foothills established[10] without controversion the assessment was passed by an overwhelming percentage of the homeowners for the purpose of replenishing its reserve fund. That evidence showed sufficient compliance with Civil Code section 1366.1 to entitle it to summary judgment in the absence of rebuttal evidence from Christiansen.

## III

Christiansen contends the trial court erred by denying the SLAPP suit motion under section 425.16.[11]

Section 425.16 was enacted to combat frivolous lawsuits brought primarily to chill the valid exercise of the constitutional right of freedom of speech and petition for the redress of grievances. (§ 425.16, subd. (a).) Subdivision (b) provides in relevant part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Former subdivision (e) defines "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as including "any written or oral statement or writing made before a legislative,

---

[9]Indeed, they would be desirable.

[10]Foothills did so primarily by relying on Christiansen's undisputed facts.

[11]As with the demurrer ruling, the record does not contain an order denying the motion, but we opt to consider the issue because Foothills does not complain.

executive, or judicial proceeding, or any other official proceeding authorized by law; any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest."[12]

We review the record independently to determine whether the trial court ruled correctly. (*Church of Scientology* v. *Wollersheim* (1996) 42 Cal.App.4th 628, 653 [49 Cal.Rptr.2d 620].) Christiansen alleges this suit was in retaliation for his opposition to Foothills' governing board and its actions, particularly concerning assessments. He does not allege any statements or writings he made in the course of these activities were made before an official proceeding or in connection with an issue under consideration in such a proceeding, as section 425.16, subdivision (e) requires, but he does assert Foothills' meetings could be considered "open to the public or a public forum" and his actions involved an issue of public interest. (§ 425.16, subd. (e).)

In *Averill* v. *Superior Court* (1996) 42 Cal.App.4th 1170 [50 Cal.Rptr.2d 62], we construed the statute broadly and determined statements made by an employee to her employer in private opposing the employer's support for a battered women's shelter in the neighborhood fell under the statute's purview. We found an action against the employee by the shelter for slander and related causes of action was meritless and ordered the trial court to grant the section 425.16 motion. (42 Cal.App.4th at pp. 1174-1176; see also *Braun* v. *Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1044-1050 [61 Cal.Rptr.2d 58]; *Church of Scientology* v. *Wollersheim, supra,* 42 Cal.App.4th at pp. 650-651; *Wilcox* v. *Superior Court* (1994) 27 Cal.App.4th 809, 821 [33 Cal.Rptr.2d 446] [cross-complainants conceded issue was public; cf. *Linsco/Private Ledger, Inc.* v. *Investors Arbitration Services, Inc.* (1996) 50 Cal.App.4th 1633, 1638-1639 [58 Cal.Rptr.2d 613] [narrow interpretation]; *Zhao* v. *Wong* (1996) 48 Cal.App.4th 1114, 1120-1121, 1129 [55 Cal.Rptr.2d 909].)

Based on *Averill*, we conclude Christiansen's alleged activities involved matters of sufficient public interest made in a sufficiently public forum to

---

[12]We quote subdivision (e) as it read in 1997 when Christiansen's motion was heard. An amendment effective January 1, 1998, added to the protected conduct "any other conduct in furtherance of the exercise of the constitutional right[s] of petition or . . . free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e), added by Stats. 1997, ch. 271, § 1, 14A West's Ann. Code Civ. Proc. (1998 pocket supp.) p. 24.) Because the additional language does not affect our analysis, we need not consider whether the amendment is retroactive to motions brought before its effective date.

invoke the protection of section 425.16. Nevertheless, his claim fails. ■ SLAPP suits can conceivably be pleaded in terms of breach of contract or other valid actions. (See, e.g., *Wilcox* v. *Superior Court, supra*, 27 Cal.App.4th 809.) When considering a section 425.16 motion, a court must consider the actual objective of the suit and grant the motion if the true goal is to interfere with and burden the defendant's exercise of his free speech and petition rights. (*Church of Scientology* v. *Wollersheim, supra*, 42 Cal.App.4th at p. 652; see also *Ericsson GE Mobile Communications, Inc.* v. *C.S.I. Telecommunications Engineers* (1996) 49 Cal.App.4th 1591, 1601-1603 [57 Cal.Rptr.2d 491].) ■ We conclude from our independent review that Christiansen failed to meet his burden to show the lawsuit was brought to chill his First Amendment rights. (*Wilcox* v. *Superior Court, supra*, 27 Cal.App.4th at pp. 819-820 [defendant bears initial burden to show the suit falls within the ambit of the statute].)

Foothills brought suit to collect on the 1995 assessment and obtain declaratory relief the assessment was valid, presumably to ensure the assessment could be collected against all of the homeowners. Christiansen did not show he was singled out for enforcement of the assessment. Indeed, he averred others had been pursued as well. Although those who were sued may have been members of the protesting group, that is not surprising since that is the group one would expect to withhold payment. Christiansen's allusion to tangential threatening comments by the spouse of a board member *after* the association filed suit does not change our view of the circumstances. Foothills' suit appears to be no more than a dogged effort to collect the assessment. To allow Christiansen to avoid payment of the assessment simply because he disagreed with Foothills would mean Foothills could never collect an assessment from him. (See *Ericsson GE Mobile Communications, Inc.* v. *C.S.I. Telecommunications Engineers, supra*, 49 Cal.App.4th 1591, 1601-1603.)

Moreover, section 425.16 motions should not be granted unless the court finds the plaintiff's case is meritless. (§ 425.16, subd. (b).) As we determined in part I, Foothills's case had merit.

## IV

■ Christiansen asserts the trial court awarded excessive attorney fees in an amount slightly over $10,000.[13] Determining the proper amount of attorney fees is within the court's broad discretion. (*Crawford* v. *Board of*

---

[13]In his opening brief, Christiansen only refers to Foothills' pleadings concerning attorney fees. The trial court issued an order for Foothills to submit a new judgment with a space for attorney fees. The judgment in the record is signed and file stamped, but the award of attorney

*Education* (1988) 200 Cal.App.3d 1397, 1405-1406 [246 Cal.Rptr. 806].) Christiansen complains the court should not have allowed a rate above $125 an hour, and the matter was only heard in the superior court because Foothills added a declaratory relief cause of action in bad faith. Nothing in the record shows the trial court abused its discretion in rejecting those claims.

The judgment is affirmed. Foothills is entitled to its costs on appeal.[14]

Sills, P. J., and Rylaarsdam, J., concurred.

A petition for a rehearing was denied July 7, 1998, and appellant's petition for review by the Supreme Court was denied September 2, 1998.

---

fees is left blank. We augmented the record, however, to include a copy of the order denying the motion to tax costs, except for a $120 reduction in attorney fees, and the memorandum of costs reflects $10,785 in attorney fees.

[14]Christiansen argues for the first time in his reply brief that the judgment must be reversed as to him individually because a deed attached to the complaint shows he transferred ownership of the property to the P.M.C Trust. Because he gives no reasons why he did not raise the issue in his opening brief and does not suggest he raised it in the trial court, we decline to address the issue. (See *People* v. *Adams* (1990) 216 Cal.App.3d 1431, 1441, fn. 2 [265 Cal.Rptr. 568].)