Filed 10/9/13  White and Yellow Cab v. Orange Cty. Bd. of Supervisors CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| A WHITE AND YELLOW CAB, INC., | |
| Plaintiff and Appellant, | G047250 |
| v. | (Super. Ct. No. 30-2008-00116818) |
| ORANGE COUNTY BOARD OF SUPERVISORS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Reversed.

Cazzell & Associates and Maryann Cazzell for Plaintiff and Appellant.

Michaelis, Montanari & Johnson and Wesley S. Wenig for Defendant and Respondent.

\*        \*        \*

A White and Yellow Cab, Inc. (AWYC), appeals an award of $18,000 in attorney fees to the Orange County Board of Supervisors (Board). The fee award arose out of attorney fees incurred by the Board during a prior appeal. (See *A White & Yellow Cab, Inc. v. Orange County Board of Supervisors* (July 27, 2011, G043209) [nonpub. opn.] (*AWYC I*).) Because the Board "did not 'prevail' on appeal" in *AWYC I*, we reverse. (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1254 (*Maughan*).)

FACTS

In *AWYC I*, AWYC appealed the court's grant of the Board's motion under Code of Civil Procedure section 415.16 — the anti-SLAPP (strategic lawsuit against public participation) statute.[1] The Board cross-appealed the amount of costs and attorney fees awarded by the court pursuant to section 425.16, subdivision (c)(1). We affirmed, holding that (1) the court rightly granted the anti-SLAPP motion and (2) the court did not abuse its discretion by refusing to award the Board all of its requested fees and costs. Our disposition of the appeal stated, "In the interests of justice, the parties shall bear their own costs on appeal." The remittitur issued on September 27, 2011, and it likewise indicated, "Each party to bear own costs."

On March 8, 2012, the Board moved for relief under section 473, subdivision (b), noting counsel failed to file a timely motion for attorney fees incurred on appeal (i.e., within 40 days of notice of issuance of the remittitur pursuant to Cal. Rules of Court, rules 3.1702(c)(1) and 8.278(c)(1)). The basis for the motion was counsel's allegedly mistaken initial reading and understanding of *AWYC I*. Counsel stated in his

---

[1] All statutory references are to the Code of Civil Procedure.

declaration that he "misread [the disposition and remittitur in *AWYC I*] as stating that the parties shall bear their own costs ***and fees*** on appeal."

The court granted relief to the Board, allowing the untimely motion for attorney fees to be filed. The Board sought $21,338.50 in attorney fees. The court ultimately awarded $18,000 in attorney fees to the Board, an amount subsequently reflected in an "amended judgment" entered by the court.

## DISCUSSION

AWYC challenges the award of attorney fees on three grounds: (1) the Board was not a "prevailing defendant" (§ 425.16, subd. (c)(1)) in the *AWYC I* appeal; (2) the court should not have allowed the Board's tardy motion for attorney fees; and (3) the amount of fees awarded was excessive. As we agree with AWYC on its first contention, we need not address the other two arguments.

"[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." (§ 425.16, subd. (c)(1).) "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; see also *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 339 ["a party need not succeed in striking every challenged claim to be considered a prevailing" defendant].) The Board was a "prevailing defendant" with regard to its anti-SLAPP motion and was awarded attorney fees as described in *AWYC I*.

"Since section 425.16, subdivision (c) provides for an award of attorney fees and costs to a prevailing defendant on a special motion to strike, and does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent, those fees are recoverable." (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.) Had the Board merely defended the judgment in *AWYC I*, the

3

Board would have been entitled to attorney fees and costs incurred on appeal. (See, e.g., *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1434 [classifying party as "prevailing defendant" entitled to recovery of attorney fees incurred on appeal].) But the Board, in *AWYC I*, unsuccessfully cross-appealed the amount of attorney fees and costs awarded by the court. What effect did this unsuccessful cross-appeal have on the Board's request for attorney fees incurred in successfully responding to AWYC's appeal in *AWYC I*?

In *AWYC I*, this court did not specifically address the question of whether the Board could be considered a "prevailing defendant" (§ 425.16, subd. (c)(1)) based on its partial victory. Our disposition (denying the recovery of costs by either side) was addressed to California Rules of Court, rule 8.278 (rule 8.278). "Except as provided in this rule, the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal." (Rule 8.278(a)(1).) "The prevailing party is the respondent if the Court of Appeal affirms the judgment without modification or dismisses the appeal. The prevailing party is the appellant if the court reverses the judgment in its entirety." (Rule 8.278(a)(2).) "If the Court of Appeal reverses the judgment in part or modifies it, or if there is more than one notice of appeal, the opinion must specify the award or denial of costs." (Rule 8.278(a)(3).) "In the interests of justice, the Court of Appeal may also award or deny costs as it deems proper." (Rule 8.278(a)(5).) "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under [California Rules of Court,] rule 3.1702." (Rule 8.278(d)(2).) In sum, while *AWYC I* conclusively established there was no prevailing party for purposes of a general award of appellate costs (see § 1034, subd. (b)), *AWYC I* did not explicitly foreclose an argument that the Board was the "prevailing defendant" for purposes of appellate attorney fees under section 425.16, subdivision (c)(1). (See *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 927 ["a decision

4

about the entitlement to costs on appeal is entirely separate from a decision about the entitlement to attorney fees on appeal"].)

Case law, however, holds that a split decision on appeal like that occurring here does not entitle a defendant to recover attorney fees incurred on appeal. (*Maughan*, *supra*, 143 Cal.App.4th at p. 1254.) In *Maughan*, the plaintiff appealed a judgment which was entered subsequent to the grant of an anti-SLAPP motion; the defendant cross-appealed the attorney fees and costs award in the judgment, contending the award was insufficient. (*Id*. at p. 1246.) The *Maughan* court held that plaintiff's appeal was not cognizable, as plaintiff did not file a timely notice of appeal from the order granting the anti-SLAPP motion. (*Id*. at pp. 1246-1247.) The *Maughan* court affirmed the judgment in its entirety, rejecting the defendant's challenge to the amount of attorney fees and costs. (*Id*. at pp. 1249-1253.) The *Maughan* court then explicitly rejected defendant's request for "costs and attorney fees on appeal. This request is denied because there is no 'prevailing' party on appeal. . . . [Citation.] Although we affirm the judgment against [plaintiffs], [defendant] did not 'prevail' on appeal because we also affirm the judgment regarding the award of attorney fees and costs under the anti-SLAPP statute. Accordingly, we conclude there is no prevailing party." (*Id*. at pp. 1253-1254.) In its disposition, *Maughan* stated, "Each party shall bear own costs on appeal." (*Id*. at p. 1254.)

This case and *Maughan*, *supra*, 143 Cal.App.4th 1242 are nearly identical. Both cases involve plaintiffs appealing the grant of anti-SLAPP motions and defendants cross-appealing purportedly insufficient awards of attorney fees and costs. In both cases, the appeal and cross-appeal failed. The plaintiff's appeal in *Maughan* was untimely, whereas we addressed the merits of AWYC's appeal in *AWYC I*. But this is a distinction without a difference in the context of determining whether the anti-SLAPP defendant in each case should be considered a "prevailing defendant" on appeal. The effective result was the same in both cases.

5

The only remaining question is whether, notwithstanding *Maughan*, the trial court (or this court, had we reached the issue in *AWYC I*) was entitled to deem the Board a "prevailing defendant" on appeal in *AWYC I*. In other words, was the result in *Maughan* one of two reasonable outcomes (i.e., the court could have also awarded attorney fees to the defendant and still been within its discretion) or was it the only reasonable outcome as a matter of law (i.e., it would have been error to award the *Maughan* defendant attorney fees)? (Cf. *Mann v. Quality Old Time Service, Inc.*, *supra*, 139 Cal.App.4th at p. 340 [in cases where some but not all causes of action are stricken, determination whether a defendant has prevailed in bringing its anti-SLAPP motion "lies within the broad discretion of a trial court"].) In our view, *Maughan* announced a bright line rule. (*Maughan*, *supra*, 143 Cal.App.4th at pp. 1253-1254.) *Maughan* did not carefully parse the relative importance of the results achieved on appeal by each of the parties. The absence of such textured analysis suggests the *Maughan* court did not consider its holding to be an exercise of discretion, but rather considered it clear as a matter of law that the defendant had not prevailed on appeal. We agree with this interpretation and application of section 425.16, subdivision (c)(1), and reverse the award of attorney fees to the Board.

DISPOSITION

The order awarding $18,000 in attorney fees and the ensuing "amended judgment" reflecting this award are reversed. AWYC shall recover costs incurred on appeal.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.