Filed 11/23/15  Wilcox v. Target Corp. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHRIS WILCOX, | |
| Plaintiff and Appellant, | E060139 |
| v. | (Super.Ct.No. CIVRS1103172) |
| TARGET CORPORATION et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

Martin Reiner[1]; Chris Wilcox, in pro. per., for Plaintiff and Appellant.

Dorsey & Whitney, Jill A. Gutierrez and Martha C. Luemers for Defendants and Respondents.

---

[1] On October 10, 2014, Mr. Reiner became ineligible to practice law.  (The State Bar of California <http://members.calbar.ca.gov/fal/Member/Detail/144024> [as of November 5, 2015].)

Plaintiff and appellant Chris Wilcox (Wilcox) sued defendant Target Corporation (Target) and its attorneys, Dorsey & Whitney LLP, and Mandana Massoumi, alleging fraud in connection with the settlement of a previous lawsuit between Wilcox and Target involving Target's termination of Wilcox's employment. Defendants' special motion to strike the complaint (anti-SLAPP[2] motion) pursuant to Code of Civil Procedure[3] section 425.16 was granted, and judgment was entered in favor of defendants. We affirmed the judgment and awarded costs on appeal to defendants. (See *Wilcox v. Target Corporation* (Oct. 22, 2012, E054449) [nonpub. opn.].[4]) On remand, Wilcox opposed defendants' motion for costs and attorney fees and separately moved for "rectification of injustice." (Capitalization omitted.) The trial court ruled in favor of defendants, and Wilcox appeals, contending this appeal presents this court with an opportunity to rectify our wrongdoing in our prior opinion, in which we concluded that Wilcox had abandoned or waived his argument on the second prong of the anti-SLAPP analysis, i.e., whether he has carried his burden of showing a probability of prevailing as to the merits of his claims. (*Wilcox v. Target Corporation*, *supra*, case No. E054449, p. 15} He further asserts that he, not Target's counsel, was entitled to recover attorney fees. We affirm.

---

**2** SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)

**3** All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

**4** We take judicial notice of our prior unpublished opinion.

2

## I. FACTS AND PROCEDURAL HISTORY

On February 19, 2013, defendants moved for their attorney fees and costs incurred in case No. E054449. Wilcox opposed defendants' motion; however, he failed to challenge the substance of the request for attorney fees, did not dispute that defendants had prevailed on appeal, and did not move to strike or tax costs. Instead, he requested the trial court "rectify the underlying disposition in this matter, to specifically vacate the July 7, 2011 Judgment rendered in this matter, which was erroneously rendered . . . and order that TARGET's underlying motion to strike . . . is denied, that WILCOX's lawsuit is reinstated, and attorney fees are awarded to WILCOX's counsel, according to proof." Wilcox maintained that the underlying anti-SLAPP motion was "utterly non-meritorious," and focused his opposition on arguing why the trial court should rectify its prior disposition granting the anti-SLAPP motion. Additionally, Wilcox filed a motion for "rectification of injustice" (capitalization omitted) pursuant to section 128, and/or by application of equity. In that motion, he asked the trial court to reverse its prior grant of defendants' anti-SLAPP motion, find that defendants' alleged fraud is not a constitutionally protected activity, reinstate Wilcox's case, and award attorney fees to Wilcox.

On September 23, 2013, the trial court denied Wilcox's motion for "rectification," noting that Wilcox was asking the court "to exercise equity under that particular statute and then not follow the law." The court declined such request, stating that it lacked authority to "reverse the decision of the Court of Appeal." On the same day, the court issued its order awarding defendants attorney fees in the amount of $13,230, plus costs in

3

the amount of $749.71. During the hearing, Wilcox challenged the amount of attorney fees requested on the grounds there was "no distinction drawn between what was done for the attorney, which is not allowable as attorney fees . . . and what was done for the non-attorney defendant." In response, defense counsel claimed that the amount could not be apportioned out because there were no separate arguments or issues on the appeal. The trial court declined to apportion or reduce the attorney fees award, finding that "the same amount of work would have been done whether it's just Target or whether it's the three of them."

## II. DISCUSSION

On November 20, 2013, Wilcox filed his notice of appeal regarding the denial of his section 128 motion for "rectification of injustice" and the granting of defendants' motion for attorney fees. His opening brief focuses on the denial of his section 128 motion. His discussion of attorney fees is limited to his claim that it is he "who should clearly prevail" and recover his attorney fees. Alternatively, he argues that Target's counsel is not entitled to their fees because "everything was undertaken by that counsel for its own benefit every bit as much as for TARGET in bringing the anti-SLAPP motion for themselves . . . ."

## A. Motion for "Rectification of Injustice" (Section 128)

Pursuant to section 128, subdivision (a)(8), the trial court has the authority to "amend and control its process and orders so as to make them conform to law and justice." The denial of a section 128, subdivision (a)(8) motion stands in the absence of

4

an abuse of discretion.  (*In re Joshua G.* (2005) 129 Cal.App.4th 189, 199; *Chambers v. Superior Court* (1981) 121 Cal.App.3d 893, 903, fn. 7.)

Here, the trial court did not abuse its discretion in denying Wilcox's motion for "rectification of injustice," which sought a reconsideration of defendants' anti-SLAPP motion.  As the court recognized, the issue raised by the motion was decided against Wilcox and affirmed on appeal.  (*Wilcox v. Target Corporation*, *supra*, case No. E054449.)  As such, the trial court was precluded from inquiring in to the merits of this court's decision, and instead was bond to regard it as law of the case.  (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893 ["The law of the case doctrine states that when, in deciding an appeal, an appellate court 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal . . . .'"]; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Under the doctrine of *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction.  It is not their function to attempt to overrule decisions of a higher court."].)

## B.  Motion for Attorney Fees

"The anti-SLAPP statute *requires* an award of attorney fees to a prevailing defendant:  'In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.' [Citations.]  An appellate court reviews the amount of mandatory attorney fees awarded by the trial court to a defendant who successfully brings an anti-SLAPP motion for abuse

of discretion.  [Citation.]”  (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685-686.)

Here, Wilcox has offered no argument in his opening brief that the court erred in its award of attorney fees and costs other than his brief comment that Target’s counsel should not recover their own fees because they admitted that “all the work that was done on behalf of all three respondents on appeal” may not be “apportioned out or distinguished because there were no separate arguments or issues on the appeal.” However, a court is not required to allocate attorney fees for work on issues or claims that are so intertwined that it is impossible to separate them.  (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)  Nonetheless, Wilcox’s passing comment does not constitute a sufficient argument to preserve the issue for appeal.  (See *Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.4th 227, 237 [conclusory statement in appellate brief that the defendant did not make requisite showing in anti-SLAPP motion insufficient to preserve issue].)  Having failed to adequately preserve the issue for appeal, we affirm the award of attorney fees and costs in its entirety.  (See *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1248 [“The assertion [that there was irregularity in billing by the defendants’ attorneys] is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative.  With this cursory argument, [the plaintiff] has given us no basis to disturb the trial court’s discretionary ruling on the attorney fees motion.”].)  Furthermore, as defendants have prevailed in this appeal, they are also

entitled to an award of costs and attorney fees incurred in this proceeding.  (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.)

## III.  DISPOSITION

The orders appealed are affirmed.  Defendants shall recover their costs and attorney fees on appeal, the amount of which shall be determined by the trial court.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                    MCKINSTER

                            Acting P. J.

We concur:


      MILLER

             J.


      CODRINGTON

             J.