Filed 12/8/23  Mendez v. Flores CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| CECILIA MENDEZ et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ANGEL ANN FLORES,<br><br>Defendant and Respondent. | C095501<br><br>(Super. Ct. No. STK-CV-LD-2021-0006097) |

Plaintiffs Cecilia Mendez, Alicia Rico, and Raymond Zulueta, Jr. (collectively plaintiffs) filed a civil action for damages against defendant Angel Ann Flores. Defendant moved to dismiss the action pursuant to what is commonly known as the "anti-SLAPP" statute, Code of Civil Procedure section 425.16.  While the motion was pending, plaintiffs voluntarily dismissed the complaint.  The trial court went forward on a hearing on defendant's motion for attorney fees, and in so doing, determined that defendant had in fact established the merits of her anti-SLAPP motion and therefore was the prevailing party.  Plaintiffs contend their voluntary dismissal of the complaint deprived the trial

1

court of jurisdiction to enter a judgment awarding attorney fees and costs.  They further argue the trial court abused its discretion in determining the amount of fees to award.  We affirm.

## FACTUAL AND LEGAL BACKGROUND

In July 2021, plaintiffs filed their complaint alleging defamation, several theories of invasion of privacy, and intentional infliction of emotional distress.[1]  On September 20, 2021, defendant filed a special motion to strike the complaint under Code of Civil Procedure section 425.16 (anti-SLAPP motion).[2]  Two days later, on September 22, 2021, plaintiffs voluntarily dismissed the complaint without prejudice, and the dismissal was entered that same day.

On October 14, 2021, defendant moved for attorney fees under section 425.16. The motion was set for hearing on the same day as the anti-SLAPP motion was originally scheduled to be heard.  Plaintiffs filed their opposition to the anti-SLAPP motion, which the trial court deemed to be an opposition to the fee motion.

At the hearing on the fee motion, the trial court noted that a prevailing defendant on an anti-SLAPP motion is entitled to attorney fees under section 425.16, subdivision (c)(1).  The court further noted that while courts differ on the proper standard for determining whether a plaintiff's voluntary dismissal renders the defendant the "prevailing party" for purposes of section 425.16, the trial court found that the better course was to adjudicate the merits of the special motion to strike as if the complaint had

---

[1]     Although the facts of the underlying lawsuit are not relevant to the issues on appeal, we note that rule 8.204 of the California Rules of Court provides in relevant part that all appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)  The appellate briefs in the case do not comply with this requirement in setting forth their respective "Statement of Facts."

[2]     Undesignated statutory references are to the Code of Civil Procedure.

not been dismissed in order to determine whether defendant would have been the prevailing party on the motion. The court ultimately found that "Defendant has established the merits of her anti-SLAPP motion, and therefore considers Defendant to be the prevailing party under the anti-SLAPP statute."

The court then considered defendant's request for attorney fees and awarded her $19,608. In doing so, the court considered its "own 16 years of experience performing civil work, and almost 15 years reviewing attorney's fees at the court" and determined that the "going rate" in San Joaquin County for experienced counsel in anti-SLAPP motions was $400 an hour. The court also reduced the number of hours for which reimbursement was sought, reasoning that counsel was required to scrutinize the complaint with or without the motion and that plaintiffs should not bear the burden of that duplicative task. The court determined that 49.02 hours was reasonable to expend on preparing the anti-SLAPP motion.

## DISCUSSION

### I

### *Jurisdiction to Award Attorney Fees*

Plaintiffs argue the trial court lacked jurisdiction to enter a judgment awarding attorney fees to defendant because plaintiffs voluntarily dismissed the action prior to the hearing on the special motion to strike under section 425.16. They further argue that because no final judgment was rendered on the dismissed suit, as a matter of law, defendant could not be considered a prevailing party. We disagree.

Whether the trial court had jurisdiction to award attorney fees pursuant to section 425.16, subdivision (c) is a question of law that we review de novo. (See *Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 737.)

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.) The Legislature enacted the anti-SLAPP statute to

3

prevent and deter lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. (§ 425.16, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) A defendant is entitled to attorney fees and costs if the plaintiff's case is shown to be a "pure SLAPP suit." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 919; see § 425.16, subd. (c).)

When, as here, a party voluntarily dismisses their complaint after an anti-SLAPP motion has been filed but before the trial court rules on the merits of the motion, the court lacks jurisdiction to rule on the anti-SLAPP motion. However, contrary to plaintiffs' claim, the court retains jurisdiction to determine whether the moving party is entitled to an award of attorney fees and costs under section 425.16. (See *Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 879 ["when plaintiff dismissed its case at a time when defendants' anti-SLAPP motion was pending, the trial court continued to have jurisdiction over the case only for the limited purpose of ruling on the defendants' motion for attorney fees and costs"]; *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1456 [observing "[n]umerous courts have agreed . . . that a trial court retains jurisdiction to award attorney fees pursuant to section 425.16, subdivision (c)(1) after a plaintiff voluntarily dismisses its complaint while a special motion to strike is pending," and listing cases].) Because a prevailing defendant in an anti-SLAPP motion is statutorily entitled to attorney fees, a plaintiff cannot avoid paying them by voluntarily dismissing the case, if the motion would have been granted. (*Tourgeman, supra*, at pp. 1457-1458.) Retaining this limited jurisdiction to hear a postdismissal motion for attorney fees allows the trial court to give meaning and effect to a former party's collateral statutory rights. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1022.)

We also reject plaintiffs' claim that, because there was no final judgment on the dismissed suit, there can be no prevailing party. Indeed, to the extent appellate courts

4

disagree on this point, the disagreement centers on *how* a prevailing party is to be determined, not *whether* there can be a prevailing party. (Cf. *Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 821 ["A trial court's 'resolution of the underlying action does not moot a fee request under the SLAPP statute' "].) For example, in *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, the court ruled that the prevailing party after a voluntary dismissal will ordinarily be the dismissed party, but the "critical issue is which party realized its objectives in the litigation." (*Id*. at p. 107.) The *Coltrain* court noted that the nonmoving party may be able to overcome the presumption that the moving party is the prevailing party by demonstrating that it dismissed the case for reasons unrelated to success on the merits, such as substantial achievement of the litigation goals through settlement or other means. (*Ibid*.)

The majority of courts to consider this issue, however, have rejected the suggestion in *Coltrain* that a trial court may award attorney fees and costs to the moving party pursuant to section 425.16, subdivision (c)(1) without first determining whether he or she would have prevailed on their special motion to strike. (*Tourgeman v. Nelson & Kennard, supra*, 222 Cal.App.4th at p. 1457; see *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1056; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 218-219; *Liu v. Moore* (1999) 69 Cal.App.4th 745, 752.) In *Liu*, the court held that a party "who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the [party's] motion for attorney's fees and costs under subdivision (c) of that section." (*Liu, supra*, at p. 751; accord, *Pfeiffer Venice Properties, supra*, at pp. 218-219 [anti-SLAPP defendants "were entitled to a ruling on the merits of their SLAPP motion, the result of which will necessarily determine their right to attorney fees under section 425.16, subdivision (c)"].)

As the above cases demonstrate, the trial court retained jurisdiction to determine defendant's motion for attorney fees and therefore appropriately adjudicated the merits of

the anti-SLAPP motion in determining whether defendant was a prevailing party under the anti-SLAPP statute.

## II

### *Reasonableness of Fees*

As a final argument, plaintiffs argue that the amount of attorney fees awarded was excessive.  We review an anti-SLAPP attorney fee award under the deferential abuse of discretion standard.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1130.)  The trial court's fee determination " ' "will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (*Id*. at p. 1132.)

First, plaintiffs argue the fees represent a duplication of effort, which is not compensable under *Ketchum v. Moses, supra*, 24 Cal.4th at page 1132.  Plaintiffs point to hours spent for both "prepar[ing]" and "finish[ing]" defendant's declaration.  Defendant responds that this is clearly a mistake in describing the billing; counsel should have used the word "draft" instead of "finish."  Next, plaintiffs complain that counsel spent too many hours drafting the anti-SLAPP motion; either counsel was not sufficiently experienced to claim the proposed hourly rate, or the number of hours should be reduced.  In particular, plaintiffs assert that spending 4.25 hours in drafting defendant's declaration was unreasonable.  Neither party indicates whether plaintiffs objected and called upon the trial court to resolve these issues and plaintiffs do not provide evidentiary support from the record for their positions.

In challenging attorney fees as excessive, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 563-564 [failure to either attack the itemized billings with evidence that the fees claimed were not appropriate or obtain the declaration of an attorney with expertise in the procedural and substantive law to demonstrate that the fees claimed were unreasonable resulted in failure to demonstrate error].)  "General arguments

6

that fees claimed are excessive, duplicative, or unrelated do not suffice. Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Id*. at p. 564.) Moreover, " ' "[i]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court." Thus, "we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived. [Citations.]" ' (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fns. omitted.) 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue, and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. . . .' (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.)" (*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830.) It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

Here, plaintiffs chose not to submit the pleadings they submitted to the trial court in support of their opposition to the motion to strike, which the trial court deemed to be an opposition to the motion for attorney fees, or any other evidence they put before the trial court in opposition to the fee motion. There is no indication in the record or the trial court's written order that plaintiffs made any of the objections in the trial court that they make on appeal. We therefore have no record on appeal that would allow us to compare any such objections. It was plaintiffs' duty to present an adequate record on appeal to support their claim of error; they have not done so. By failing to provide a basis for this court to review the claims of error purportedly committed by the trial court, plaintiffs have failed to demonstrate error on appeal. (See *Ketchum v. Moses, supra*, 24 Cal.4th at pp. 1140-1141 [" ' "All intendments and presumptions are indulged to support [the

7

judgment] on matters as to which the record is silent, and error must be affirmatively shown" ' "].)

## III

### *Fees and Costs on Appeal*

In her respondent's brief, defendant argues that if we affirm the order awarding attorney fees, she is also entitled to recover her costs on appeal as well as her appellate attorney fees, given that the appeal relates to a special motion to strike under the anti-SLAPP statute. (See § 425.16, subd. (c) [prevailing defendant entitled to costs and attorney fees]; Cal. Rules of Court, rules 3.1702(c) & 8.278(a)(1) & (d)(2); *Dove Audio Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [appellate attorney fees recoverable under § 425.16]; accord, *American Humane Assn. v. Los Angeles Times Communications* (2001) 92 Cal.App.4th 1095, 1104.) We agree.

" 'A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise.' (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.) Since section 425.16, subdivision (c) provides for an award of attorney fees and costs to a prevailing defendant on a special motion to strike, and does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent, those fees are recoverable. (38 Cal.App.4th at p. 1500.)" (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, supra*, 47 Cal.App.4th at p. 785.) "Section 425.16, subdivision (c), is intended to compensate a defendant for the expense of responding to a SLAPP suit. [Citation.] To this end, the provision 'is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.' " (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22.)

Here, plaintiffs appeal from the order granting attorney fees under section 425.16, subdivision (c). Defendant had to respond to this challenge to preserve the trial court's

8

order granting her fees under section 425.16.  We conclude an award of attorney fees here is appropriate and within the authority of section 425.16, subdivision (c).

## DISPOSITION

The award of attorney fees is affirmed.  Defendant is entitled to her costs and fees on appeal, if any, in an amount to be determined by the trial court.  (Cal. Rules of Court, rule 8.278(a)(1); § 425.16, subd. (c); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, supra*, 47 Cal.App.4th at p. 785.)


                                                /s/
                                      EARL, P. J.


We concur:


    /s/
ROBIE, J.


    /s/
BOULWARE EURIE, J.

9