Filed 5/7/26  Mitchell v. Edema CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)


| | |
|---|---|
| FREDERICK MITCHELL,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>DAWN WIGERI VAN EDEMA et al.,<br>        Defendants and Respondents. | C102026<br><br>(Super. Ct. No. CV2023-2569)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING AND REQUEST FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

1

THE COURT:

It is ordered that the opinion filed in this case on April 13, 2026, be modified as follows:

On page 8, after the second full sentence, delete "(Bus. & Prof. Code, §§ 6044, 6086.5;" and replace with "(Bus. & Prof. Code, §§ 6030, 6044, 6086.5, 6126.3;" so that the full citation now reads:

(Bus. & Prof. Code, §§ 6030, 6044, 6086.5, 6126.3; Rules Proc. of State Bar, rules 2101, 2402, 2604; see *Chronicle Publishing Co. v. Superior Court* (1960) 54 Cal.2d 548, 566; *Lebbos v. State Bar* (1985) 165 Cal.App.3d 656, 662, 668-669.)

There is no change in the judgment.

The petition for rehearing is denied.

The request for publication is denied.

BY THE COURT:

/S/
ROBIE, Acting P. J.

/S/
MAURO, J.

/S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 4/13/26  Mitchell v. Edema CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| FREDERICK MITCHELL, | |
| Plaintiff and Appellant, | C102026 |
| v. | (Super. Ct. No. CV2023-2569) |
| DAWN WIGERI VAN EDEMA et al., | |
| Defendants and Respondents. | |

Thomas Rutaganira initiated an unlawful detainer action against Krista Mitchell.[1] In that action, which is not part of this appeal, Thomas was represented by the law firm Pakpour Banks, LLP (Pakpour Banks), including attorney partners Brian Pakpour and Keith Morgan Banks, and their paralegal Dawn Wigeri van Edema.  Krista was represented by attorney Ernest Krause.  Krista's father Frederick Mitchell served as a legal assistant to Ernest and held himself out as a participant in the State Bar of California law office study program, which can qualify successful individuals to take the California bar exam without attending law school.  (Bus. & Prof. Code, § 6060, subd. (e)(2)(B);

---

[1]  Because certain individuals have the same last name, we will use first names for clarity.

1

State Bar of Cal., rules 4.26(B)(1), 4.29; *Saret-Cook v. Gilbert, Kelly, Crowley & Jennett* (1999) 74 Cal.App.4th 1211, 1216, fn. 3.)

Frederick took depositions in the unlawful detainer action and argued motions in a bankruptcy action. Believing that Frederick had engaged in the unauthorized practice of law and that Ernest was aiding Frederick, Keith and Dawn filed State Bar complaints against Ernest. The State Bar issued a cease and desist notice to Frederick, indicating that Frederick was not part of the law office study program.

In the action giving rise to this appeal, Frederick sued Dawn, Keith, Brian, and Pakpour Banks (collectively defendants), alleging it was Dawn who had engaged in the unauthorized practice of law while investigating Ernest and Frederick and complaining about them. Defendants filed an anti-SLAPP motion to strike Frederick's complaint under Code of Civil Procedure section 425.16.[2] Frederick did not oppose the motion and the trial court granted it.

Frederick now contends (1) the trial court erred in granting the anti-SLAPP motion; (2) the pending appeal did not deprive the trial court of jurisdiction to grant Frederick relief from his failure to file opposition; and (3) various errors denied Frederick due process.

Finding no merit in Frederick's contentions, we will affirm the trial court's order granting the anti-SLAPP motion.

ADDITIONAL BACKGROUND

In addition to the depositions in the unlawful detainer case, Dawn learned of a bankruptcy action in which Ernest represented the debtor and Tiffany Ng represented

---

[2] Undesignated statutory references are to the Code of Civil Procedure. Section 425.16 sets out a procedure for striking what is commonly called a strategic lawsuit against public participation or SLAPP. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 785, fn. 1, 788.) A motion brought under section 425.16 is called an anti-SLAPP motion.

a creditor.  Dawn discovered that Frederick included his name on pleadings and argued motions on behalf of the debtor in that action.  She informed Tiffany that Ernest had allowed Frederick to act as an attorney in the unlawful detainer action.  She suggested that Tiffany file a complaint with the State Bar against Ernest and/or Frederick if Frederick had acted as an attorney in the bankruptcy action.

On August 17, 2021, the State Bar issued a cease and desist notice to Frederick.  The notice stated that the State Bar had initiated an investigation into the unauthorized practice of law by Frederick after receiving a communication from Dawn.  According to the notice, State Bar records showed Frederick was not a participant in the law office study program.  The notice indicated that Frederick had engaged in the unauthorized practice of law and directed him to immediately cease and desist from engaging in such activity.  It warned that the State Bar could take further action if it received additional information that Frederick continued to engage in the unauthorized practice of law.  Dawn made a California Public Records Act request seeking a copy of the cease and desist notice, and she received a copy from the State Bar.

Dawn also contacted bankruptcy court clerk Lindsey Peratis on December 3, 2021, informing her of the cease and desist notice.  Lindsey requested a copy of the notice and Dawn e-mailed it to her.  The State Bar also sent Lindsey a copy of the notice at Dawn's request.

Two years later, Frederick filed a verified complaint against Dawn, Keith, Brian, and Pakpour Banks.  Although the caption of the complaint listed 15 causes of action, the body of the complaint asserted only one, the unauthorized practice of law.  The complaint alleged that Dawn had engaged in the unauthorized practice of law on December 13, 2021, and that Keith, Brian, and Pakpour Banks had aided her in that activity.  As alleged in the complaint, Dawn recommended Frederick's confidential State Bar admission records to Lindsey, advised Tiffany to file complaints against Frederick, conspired with individuals at the State Bar to harm Frederick and to publish and distribute his

3

confidential State Bar admission records, and held herself out as an attorney. The complaint alleged that because of Dawn's conduct, the bankruptcy court denied Frederick's request for $748,375 in attorney's fees.

Defendants filed an anti-SLAPP motion to strike the complaint pursuant to section 425.16. The motion asserted that Frederick's claims arose from Dawn's communications with the State Bar regarding the cease and desist notice, with Tiffany and Lindsey regarding the State Bar complaints, and with the bankruptcy court regarding whether Frederick had engaged in the unauthorized practice of law in that court, all of which constituted protected activity. Defendants added that Frederick could not demonstrate a probability of prevailing on his claims. Dawn, Keith, and Brian submitted declarations in support of the anti-SLAPP motion. Dawn averred that she never held herself out as an attorney or engaged in the unauthorized practice of law. She stated that she never provided legal advice, and her communications with Tiffany, Lindsey and State Bar personnel related to the State Bar complaints and the investigation of Ernest for aiding Frederick in the unauthorized practice of law. Keith and Brian averred that, to their knowledge, Dawn never held herself out as an attorney. They said they never observed Dawn engage in any activity or provide any service for which a license to practice law was required. Defendants also asked the trial court to take judicial notice of the State Bar complaint Dawn had filed against Ernest, the cease and desist notice directed to Frederick, notices of disciplinary charges filed in the State Bar Court against Ernest, and various documents in the bankruptcy action, including a declaration by Frederick stating that he was the head of the law and motion department at Ernest's law firm.

Frederick did not file an opposition to the anti-SLAPP motion.

The trial court issued a tentative ruling granting the motion. It tentatively concluded that defendants had satisfied their burden to show that Frederick's claims arose from activities protected under section 425.16, and thus the burden shifted to Frederick

to demonstrate a reasonable probability of prevailing on his claims. According to the tentative, Frederick did not file an opposition and did not demonstrate a probability of prevailing on his claims.

At the hearing on the anti-SLAPP motion, Frederick stated that his attorney, Ernest, was undergoing surgery and could not attend. The trial court did not permit Frederick to argue because Ernest was his attorney of record, and it denied Frederick's request for a continuance because a written opposition had not been filed. The trial court adopted the tentative ruling as the order of the court, granting the anti-SLAPP motion.

Ernest filed a notice of appeal on July 9, 2024. The appeal was dismissed for failure to pay the filing fee. Ernest filed a second notice of appeal on September 10, 2024.

The trial court subsequently granted defendants' unopposed motion for attorney's fees and costs based on the anti-SLAPP motion. But it declined to hear Frederick's motion under section 473, subdivision (b) for relief from his failure to oppose the anti-SLAPP motion and motion for attorney's fees and costs, concluding that the trial court lacked jurisdiction to hear the matter due to the pending appeal.

DISCUSSION

I

Frederick contends the trial court erred in granting the anti-SLAPP motion.

Section 425.16, subdivision (b)(1) states: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Consideration of an anti-SLAPP motion involves a two-step process. (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 (*Sweetwater*).)

5

In the first step, the defendant must make a prima facie showing that the plaintiff's claim arises from an act by the defendant taken in furtherance of the defendant's right of petition or free speech under the United States or the California Constitution in connection with a public issue.  (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420 (*City of Montebello*); see *Baral v. Schnitt* (2016) 1 Cal.5th 376, 382, 391-392, 396 (*Baral*).)  A claim arises from the defendant's act in furtherance of his or her right of petition or free speech if that act underlies or forms the basis for the plaintiff's claim for relief.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062.)  The defendant's conduct must itself have been an act in furtherance of the right of petition or free speech.  (*Ibid.*)  The California Supreme Court explained the first-step analysis as determining what activities by the defendant supply the elements of the plaintiff's claim and whether each such activity fits one of the categories described in section 425.16, subdivision (e).  (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009; *Park*, at pp. 1062-1063 (*Bonni*); *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89 (*Navellier*).)  Those categories include a statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body or any other official proceeding authorized by law.  (§ 425.16, subds. (e)(2).)  A defendant may rely solely on the allegations in the complaint to satisfy the step-one burden if the complaint shows that the plaintiff's claim arises from protected activity.  (*Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 936-937 (*Bel Air Internet, LLC*).)

If the defendant makes the required showing of protected activity, the burden shifts to the plaintiff to substantiate a legally sufficient claim with competent and admissible evidence.  (*City of Montebello, supra*, 1 Cal.5th at p. 420; *Baral, supra*, 1 Cal.5th at p. 396; *Navellier, supra*, 29 Cal.4th at pp. 88-89; *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 713-715.)  Although the plaintiff's burden is not high, the plaintiff may not rely solely on the complaint, even if verified, but must present competent and admissible evidence to demonstrate the merit of the claim.  (*Sweetwater, supra*, 6 Cal.5th

6

at p. 940, 946; *Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 43 (*Wisner*); *Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 768 (*Laker*); *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 118.)

On appeal, we independently undertake both steps of the anti-SLAPP analysis and broadly construe section 425.16 to effectuate the legislative intent to protect "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); see *Ross v. Seyfarth Shaw LLP* (2023) 96 Cal.App.5th 722, 732, 734 (*Ross*); *Wisner, supra*, 85 Cal.App.5th at p. 43.)

Frederick contends the trial court skipped step one of the anti-SLAPP analysis, but that is not correct. The trial court acknowledged that evaluation of a section 425.16 motion involves two steps, and ruled that defendants satisfied their step-one burden by making a prima facie showing that Frederick's claim arose from protected activity. We reach the same conclusion based on our independent review of the record.

Frederick seeks to assert a cause of action for the alleged unauthorized practice of law by Dawn. The claim is based on Dawn's communications with State Bar personnel, with bankruptcy court clerk Lindsey, and with attorney Tiffany. Regarding the communications with State Bar personnel, Frederick alleged that Dawn conspired with a State Bar investigator to harm Frederick, and conspired with State Bar senior trial counsel to publish and distribute Frederick's confidential State Bar admission records. As for the communications with Lindsey and Tiffany, Frederick alleged that Dawn recommended Frederick's confidential State Bar admission records to Lindsey, advised Tiffany to file complaints against Frederick, and held herself out as an attorney to Lindsey. Frederick alleged that Keith, Brian, and Pakpour Banks aided Dawn in the unauthorized practice of law.

There is authority that Frederick cannot assert a private cause of action for the unauthorized practice of law. (76 Ops.Cal.Atty.Gen. 193 (1993).) But we need not,

7

and do not, decide that issue, because even if he could bring such a cause of action, section 425.16 protects statements made in connection with an issue under consideration in an official proceeding authorized by law. (§ 425.16, subd. (e)(2).) State bar disciplinary investigations and proceedings are official proceedings authorized by law. (Bus. & Prof. Code, §§ 6044, 6086.5; Rules Proc. of State Bar, rules 2101, 2402, 2604; see *Chronicle Publishing Co. v. Superior Court* (1960) 54 Cal.2d 548, 566; *Lebbos v. State Bar* (1985) 165 Cal.App.3d 656, 662, 668-669.)

Activities protected under section 425.16 include not only the filing of an administrative complaint, but also statements made to solicit support for or in aid of an administrative action or to prompt the initiation of an administrative action. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1109-1110, 1113-1115 [statements to an investigator in connection with a complaint filed with the federal Department of Housing and Urban Development and providing information that was later used in a lawsuit]; *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1009); *Dickens v. Provident Life & Accident Ins. Co.* (2004) 117 Cal.App.4th 705, 708-709, 714 [initiating an insurance fraud investigation and submitting information to the United States Attorney to bring a criminal prosecution]; *Dove Audio Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 779-780, 784 [letter seeking support for efforts to file a complaint with the Attorney General]; see *Dziubla v. Piazza* (2020) 59 Cal.App.5th 140, 146-147, 150 [manifesto posted on a website asking for contributions to a litigation fund]; *Bel Air Internet, LLC, supra*, 20 Cal.App.5th at pp. 929-930, 940 [advice to employees to sue their employer]). As the court explained in *Bel Air Internet, LLC*, "A person who counsels litigation by another exercises his or her own constitutional right to petition the government." (*Bel Air Internet, LLC,* at p. 944.) Additionally, statements made in the course of an official proceeding authorized by law are protected under the anti-SLAPP statute. (*Ross, supra*, 96 Cal.App.5th at pp. 728-730, 735-739; *Laker, supra*, 32 Cal.App.5th at pp. 754-756, 766-768, 777-778.)

Dawn described her communications with Tiffany, Lindsey and State Bar personnel and averred that they related to the State Bar complaints and the investigation of Ernest for permitting Frederick to practice law without a license.  Frederick did not present contrary evidence.  The alleged communications to State Bar personnel were communications made in connection with an issue under consideration in an official proceeding, namely the complaints against Ernest and the State Bar investigation into Frederick's conduct.  The alleged communications to Lindsey and Tiffany were also protected.  The trial court correctly ruled that defendants met their burden of showing that Frederick's claims arose from activities protected under section 425.16.

Frederick contends section 425.16 does not apply because Dawn engaged in the unauthorized practice of law, an illegal act.  There is a narrow exception under the first step of the anti-SLAPP analysis for conduct that is illegal as a matter of law and, therefore, not protected under section 425.16; the exception applies if the defendant concedes the illegality of his or her conduct, or if the uncontroverted evidence conclusively establishes the illegality.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 315-317, 320; *City of Montebello, supra*, 1 Cal.5th at p. 424; *Collier v. Harris* (2015) 240 Cal.App.4th 41, 54-55.)  However, if a factual dispute exists about the legitimacy of the defendant's conduct, the plaintiff must establish the illegality in the second step of the anti-SLAPP analysis.  (*Flatley*, at p. 316; *City of Montebello,* at pp. 424-425; see *Cross v. Cooper* (2011) 197 Cal.App.4th 357, 385.)

Defendants did not concede that they engaged in illegal conduct.  Instead, the evidence defendants submitted disputed that Dawn ever practiced law.  Frederick claims Dawn's declaration in support of the anti-SLAPP motion stated that Dawn selected, explained, and recommended the cease and desist notice to a federal court officer and to a State Bar agent, activities Frederick argues constituted the practice of law.  The declaration contains no such averment.

According to Dawn's declaration, she informed Lindsey that the State Bar had issued a cease and desist notice to Frederick, she sent a copy of the notice to Lindsey upon Lindsey's request, and she asked the State Bar to send a copy of the notice to Lindsey. Frederick does not establish that those acts constitute the practice of law. Claims made without supporting legal analysis and citation to authority are forfeited. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1 (*Okasaki*); *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 (*Keyes*).) Frederick did not present any evidence conclusively establishing any illegal activity by defendants.

Further, Frederick's record citation does not support his assertion that Dawn caused the State Bar to send a copy of the cease and desist notice to a defendant in an action filed by Krista. We do not, therefore, consider that claim. We also do not consider the claim that Keith and Brian failed to supervise Dawn because the claim is made without any record citation. (Cal. Rules of Court, 8.204(a)(1)(C); *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 (*Miller*); *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).) Frederick fails to establish that the *Flatley* illegality exception applies.

In his appellate reply brief, Frederick argues that Dawn violated Business and Professions Code section 6060.25 by disclosing his confidential State Bar admission records. We do not consider arguments raised for the first time in a reply brief without a showing of good cause, and none has been shown. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)

Because defendants made the required showing that Frederick's claims arose from activity protected under section 425.16, the burden shifted to Frederick to present competent and admissible evidence to demonstrate a probability of prevailing on the merits of his claim. (*City of Montebello, supra*, 1 Cal.5th at p. 420; *Baral, supra*, 1 Cal.5th at p. 396; *Navellier, supra*, 29 Cal.4th at pp. 88-89.) Frederick did not

demonstrate the merits of his claim.  Under the circumstances, the trial court correctly granted defendants' anti-SLAPP motion.  (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 596-598, disapproved on another ground in *Bonni, supra*, 11 Cal.5th at p. 1012, fn. 2; *San Diegans for Open Government v. San Diego State Univ. Research Foundation* (2017) 13 Cal.App.5th 76, 107-109.)

## II

Frederick next argues the pending appeal did not deprive the trial court of jurisdiction to grant Frederick relief from his failure to file opposition.

The notice of appeal Frederick filed on September 10, 2024, identified the order granting defendants' anti-SLAPP motion as the order from which he appealed.  Frederick did not file a notice of appeal from the order on his section 473 motion.  Therefore, we lack jurisdiction to consider Frederick's claim of trial court error.  (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864.)

## III

In addition, Frederick claims various errors denied him due process.  Specifically, he argues the trial court deprived him of due process by failing to conduct the two-step analysis for an anti-SLAPP motion, refusing to rule on his section 473 motion, denying his section 170.6 challenge, and denying him an opportunity to argue at the hearing on the anti-SLAPP motion.

For reasons we have explained, the trial court did not err in conducting the two-step anti-SLAPP analysis or in declining to rule on the section 473 motion.  As for the alleged section 170.6 challenge, Frederick does not provide a cite to the record establishing that he made such a challenge, and we have found nothing in the record to support his assertion.  The 170.6 contention is forfeited.  (*Miller, supra*, 101 Cal.App.4th at p. 743; *Duarte, supra*, 72 Cal.App.4th at p. 856.)

Regarding the claim that the trial court erred in not permitting Frederick to present oral argument at the anti-SLAPP hearing in Ernest's absence, that contention is also

forfeited because it was made without legal analysis and citation to authority.  (*Okasaki, supra*, 203 Cal.App.4th at p. 1045, fn. 1; *Keyes, supra*, 189 Cal.App.4th at p. 656.)

DISPOSITION

The order granting defendants' anti-SLAPP motion to strike under section 425.16 is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
WISEMAN, J.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.